**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUHUI CAO, | No. 20-72136 |
| Petitioner, | Agency No. A209-939-892 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 13, 2021
Pasadena, California

Before: GOULD, BERZON, and COLLINS, Circuit Judges.

This appeal arises from Petitioner Shu Hui Cao's challenge to the Board of

Immigration Appeals's ("BIA") denial of his claims for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT") claims.

Petitioner is a Chinese citizen and native who allegedly fled China after being

persecuted and beaten for his belief in Christianity. After Petitioner's hearing

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

before the immigration judge ("IJ"), the IJ made an adverse credibility determination based on inconsistencies between Petitioner's oral testimony and other documentary evidence submitted at Petitioner's immigration hearing. On appeal, Petitioner contests the IJ's adverse credibility determination, arguing that the IJ's decision is not based on substantial evidence because Petitioner did not receive an opportunity to respond to the inconsistencies that gave rise to the IJ's adverse credibility determination. We disagree.

We review the factual findings of the IJ and the BIA under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). This means that we will uphold the IJ's and BIA's factual findings, including adverse credibility determinations, unless any reasonable adjudicator would be compelled to conclude to the contrary. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017).

1. The IJ's adverse credibility finding is supported by substantial evidence in the record because Petitioner did not sufficiently justify the inconsistencies between his testimony and documentary evidence in the record.

a. Petitioner's 2015 Nonimmigrant Visa Application

First, Petitioner's 2015 nonimmigrant visa application ("2015 application") contained false information about Petitioner's work and education histories. In Petitioner's 2015 application, Petitioner stated that he was a "technical supervisor." However, this information is inconsistent with information contained in

2

Petitioner's I-589 form submitted three years later in support of his application for asylum. Petitioner's 2015 application lists his job description as a technical supervisor. However, Petitioner's description of his occupation throughout 2015 on the I-589 form lists Petitioner as a "Farmer/Decoration worker."

Also, Petitioner's 2015 application included false information about Petitioner's education history. The 2015 application says Petitioner attended Fujian Commerce Junior College studying economic management. However, at Petitioner's immigration hearing, he admitted that he did not do so.

When questioned about the inconsistencies in his 2015 application, Petitioner claimed the inconsistencies were mere errors caused by the unknown individual who allegedly helped translate Petitioner's words from Chinese to English. Petitioner offers no explanation why the person who helped him prepare the form added college credentials, changed job titles, added jobs to his job history, and changed his education history.

The IJ gave Petitioner an opportunity to review each document and attest that everything in the 2015 application was truthful before questioning him about the inconsistencies. When prompted by questions, Petitioner told the IJ that the information in the documents was correct. Only after the IJ questioned Petitioner about the inconsistencies, did Petitioner admit that the information was incorrect or

false. This sequence is not persuasive in showing that Petitioner was trying to tell the truth, but was foiled by translators and helpers.

b. The varied accounts of the Petitioner's post-imprisonment injuries

Another substantial inconsistency that supported the adverse credibility determination was the different accounts of Petitioner's injuries after he returned from his alleged beating and imprisonment. As Petitioner tells the story, he returned from his detention with only minor injuries that were not visible. However, Petitioner's wife, in a letter dated March 15, 2018, claims to the contrary that she "saw a lot of wounds and injuries" on Petitioner's body when he returned from his detention. These varying accounts of Petitioner's physical condition after his release from detention paint very different pictures of the severity of Petitioner's treatment, which was the essential basis for Petitioner's asylum claims.

Petitioner gave inconsistent information related to incidents occurring both before and after the alleged persecution. Considering the record as a whole, the IJ's adverse credibility determination is supported by substantial evidence in the record. We give deference to agency credibility determinations, because "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily [assess] on review." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (post-REAL ID Act) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)). Considering the inconsistencies in Petitioner's testimony,

4

and the measure of deference afforded to the IJ's factual findings, the record would not compel a reasonable adjudicator to find in Petitioner's favor.[1]  Moreover, Cao has not submitted sufficient corroborating evidence to rehabilitate his credibility or independently support his claims for asylum, withholding of removal, and relief under the CAT.

**PETITION FOR REVIEW DENIED**.

---

[1] Petitioner filed a Motion to Stay Removal (Dkt no. 1) to which the Respondent filed a separate Motion for Miscellaneous Relief in Opposition to Petitioner's Motion for Stay of Removal (Dkt no. 9).  Both Motions (Dkt nos. 1, 9) are denied as moot.